**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHN H. DUNBAR, et al.,** individually and on behalf of all others similarly situated, | ) | |
| **Plaintiffs,** | ) | **Case No. 3:25-cv-01121** |
| | ) | **Judge Aleta A. Trauger** |
| **v.** | ) | |
| **NISSAN NORTH AMERICA, INC.,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM**

The plaintiffs have filed an Amended Class Action Complaint ("FAC") (Doc. No. 18) against Nissan North America, Inc. ("Nissan"), alleging that the paint on their white Nissan vehicles is defective. It is uncontested that some of the named plaintiffs signed arbitration agreements when they bought or leased their at-issue vehicles. The defendant has filed a Motion to Compel Arbitration and Stay Proceedings ("Motion to Compel") (Doc. No. 19) and a Motion to Dismiss Amended Class Action Complaint ("Motion to Dismiss") (Doc. No. 21). For the reasons set forth herein, the Motion to Compel will be granted in part and denied in part and the court will stay disposition of the Motion to Dismiss pending resolution of the threshold arbitration issue.

## I. PROCEDURAL HISTORY

Plaintiffs John H. Dunbar, Joyce Mills, Natalie Parker, Paul Menton, Paul Daubel, Anthony Hickerson, Pamela Winterburn, Claire Ransom, Halle Kopecki, Shannon Malon, Stephen Malon, and Shane Marvel (collectively, the "plaintiffs"), individually and on behalf of all other similarly situated "owners and lessees who purchased or leased white Nissan vehicle models in all years from 2017 to the present (. . . the 'Class Vehicles')," allege that Nissan knowingly sold or leased

them vehicles with defective white paint. (FAC ¶¶ 1–5, 7.) The plaintiffs allege that the Class Vehicles "all suffer from a paint defect that causes their white paint to fail, peel, delaminate (separate due to adhesion issues), bubble, and flake." (*Id.* ¶ 2.) Collectively, the twelve plaintiffs bought or leased ten Nissan vehicles[1]. (*Id.* ¶¶ 130, 140, 151, 161, 176, 192, 204, 215, 229, 239.) The plaintiffs seek to certify ten state classes. (*E.g.*, *Id.* ¶ 276 ("All persons or entities that purchased or leased a Class Vehicle from authorized Nissan dealers in Arizona.").) And the plaintiffs bring claims under ten states' consumer protection laws,[2] as well as claims for "fraudulent omission/concealment," breach of express warranty, and unjust enrichment. (*Id.* ¶¶ 292–499.) They seek declaratory and injunctive relief, compensatory and punitive damages, and costs and fees. (*Id.* at 108.)

Nissan has filed the Motion to Compel (Doc. No. 19), along with a Memorandum (Doc. No. 20) and Exhibits (Doc. Nos. 20-1 through 20-6), to which the plaintiffs have filed a Response (Doc. No. 26), and in further support of which Nissan has filed a Reply (Doc. No. 27). Separately, Nissan has filed the Motion to Dismiss (Doc. No. 21), along with a Memorandum (Doc. No. 22) and an Exhibit (Doc. No. 22-1), to which the plaintiffs have filed a Response (Doc. No. 25), and in further support of which Nissan has filed a Reply (Doc. No. 28).

## II. LEGAL STANDARDS

As the Supreme Court has explained, "[i]n some cases, . . . it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket." *Moses H. Cone*

[1] Shannon and Stephen Malon bought one vehicle together, as did Joyce Mills and Natalie Parker. (FAC ¶¶ 176, 215.)

[2] *E.g.* FAC ¶¶ 292–301 ("First Claim: Violation of the Arizona Consumer Fraud Act (Ariz. Rev. Stat. Ann. § 44-1521, *et seq.*)").

*Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)); *see also C.S. v. McCrumb*, 135 F.4th 1056, 1069 (6th Cir. 2025) (noting a district court's "broad discretion to manage its docket" (citation omitted)), *cert. denied,* 146 S. Ct. 2712 (2026). "A discretionary decision to stay . . . is properly based on considerations of economy and judicial efficiency." *Bryan v. Ford Motor Co.*, No. 25-12714, 2026 WL 2455136, at *1 (E.D. Mich. Aug. 21, 2026) (quoting *Riley v. NTAN, LLC*, 629 F. Supp. 3d 805, 815 (M.D. Tenn. 2022) (Richardson, J.)).

## III. DISCUSSION

### A. Motion to Compel

Nissan seeks to compel arbitration only as to the plaintiffs who signed arbitration agreements—Dunbar, Winterburn, Ransom, Kopecki, and the Malons (the "Arbitration Plaintiffs"). (Doc. No. 19 at 1; Doc. No. 20 at 7.) Along with its Motion to Compel, Nissan has filed the Arbitration Plaintiffs' arbitration agreements. (Doc. Nos. 20-1 (Dunbar); Doc. No. 20-2 (Winterburn); Doc. No. 20-3 (Ransom); Doc. No. 20-4 (Kopecki); Doc. No. 21-5 (Malons).) Four agreements state: "EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL." (Doc. No. 20-1 at 7; Doc. No. 20-2 at 3; Doc. No. 20-3 at 6; Doc. No. 20-5 at 6.) Kopecki's agreement is similar: "EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE, EXCEPT AS STATED BELOW, BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL." (Doc. No. 20-4 at 5.) Each agreement states the following or includes text that is substantively similar:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship

> (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action.

(Doc. No. 20-1 at 7; Doc. No. 20-2 at 3 (similar); Doc. No. 20-3 at 5 (same); Doc. No. 20-4 at 4 (similar); Doc. No. 20-5 at 5 (same).)

Usually, when courts are asked to compel arbitration pursuant to a contract, the court "determines whether the parties agreed to arbitrate their dispute." *Swiger v. Rosette*, 989 F.3d 501, 505 (6th Cir. 2021) (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). But "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010). That is what happened here: the arbitration agreements delegate the threshold question of whether the claims are subject to arbitration—arbitrability—to an arbitrator. (*See, e.g.*, Doc. No. 20-1 at 7 ("Any claim . . . including the interpretation and scope of this Arbitration Provision, *and the arbitrability of the claim* . . . shall, at your or our election, be resolved by . . . arbitration and not by a court action." (emphasis added)).) Thus, Nissan seeks not only to compel arbitration of the Arbitration Plaintiffs' claims, but also the threshold issue of arbitrability. (Doc. No. 20 at 11–14.)

The Arbitration Plaintiffs do not oppose arbitration as to arbitrability.[3] (Doc. No. 26 at 4 ("[T]he Arbitration Plaintiffs agree to stay their claims and proceed to individual arbitration to determine the threshold issue of whether Defendant can enforce an arbitration agreement that is

---

[3] The Arbitration Plaintiffs, however, "dispute that Defendant is a party to any relevant arbitration agreement and further dispute that Defendant has the right to enforce any arbitration agreement." (Doc. No. 26 at 5.)

included in the Arbitration Plaintiffs' vehicle sales contracts.").) Thus, the court construes the Motion to Compel as unopposed to the extent it seeks to compel arbitration and stay the claims of the Arbitration Plaintiffs. Accordingly, the Motion to Compel will be granted in part as unopposed.

**B. Request to Stay**

As the court has discussed, the parties have agreed to stay the claims of the Arbitration Plaintiffs pending arbitration. In addition, Nissan asks the court to stay the entire case—that is, not only the Arbitration Plaintiffs' claims—until arbitration in its entirety has concluded (Doc. No. 20 at 14–18), or, in the alternative, "until the Arbitration Plaintiffs' challenges to arbitrability have been resolved." (Doc. No. 27 at 2.) The plaintiffs not party to an arbitration agreement (the "Litigation Plaintiffs") "oppose[] Defendant's request to stay consideration of their claims against Defendant pending the outcome of arbitration." (Doc. No. 26 at 5.)

The court's analysis of the defendant's request addresses the effects on economy and judicial efficiency. When deciding whether to grant a stay when there is a related proceeding, courts have considered "(1) potentiality of another case having a dispositive effect on the case to be stayed; (2) judicial economy to be saved by waiting on a dispositive decision; (3) public welfare; and (4) hardship/prejudice to the party opposing the stay, given its duration." *Bryan*, 2026 WL 2455136, at *1 (citation omitted); *see also Rhamy v. Schwebel Baking Co.*, No. 4:25-cv-01786, 2026 WL 2969067, at *1 (N.D. Ohio Oct. 2, 2026) (similar); *Rail Scale, Inc. v. Wingfield Scale Co., Inc.*, No. 1:21-cv-287, 2025 WL 2557579, at *1 (E.D. Tenn. July 29, 2025) (similar).

In addition to those considerations relevant to stays, generally, courts have considered the following factors when determining whether to stay nonarbitrable claims until arbitration concludes:

> (1) whether piecemeal litigation of the nonarbitrable claims could result in inconsistent determinations of factual and legal issues to be determined by the arbitrator; (2) whether piecemeal litigation will be inefficient because the factual

> issues to be resolved in litigation overlap with those to be decided by the arbitrator; (3) whether the arbitrable issues predominate the lawsuit; and (4) whether the nonarbitrable claims are of questionable merit.

*Swift Enters., LLC v. TruNorth Warranty Plans of N. Am., LLC*, No. 1:21-cv-146, 2022 WL 19396072, at *12 (E.D. Tenn. Sept. 30, 2022) (quoting 21 Williston on Contracts § 57:63 (4th ed.)).

Nissan argues that the court should stay the entire action because "the relevant facts underlying all of the claims in this case are the same." (Doc. No. 20 at 17.) Furthermore, Nissan argues, staying the case "avoids the risk of inconsistent judgments and ensures all plaintiffs are treated similarly." (*Id.*) The plaintiffs do not dispute that the facts at issue in their claims are largely identical. So, the arbitrator's findings of fact "could be of assistance in resolving the Non-Arbitrating Plaintiffs' claims, and in doing so, could prevent duplication of efforts and inconsistent results." *Riley*, 629 F. Supp. 3d at 816. The plaintiffs' main argument is that a stay would not prevent inconsistent factual and legal determinations because this court would not be bound by any of the arbitrator's determinations. (Doc. No. 26 at 9–15.) Thus, the plaintiffs argue that Nissan is merely employing a "tactical effort to delay adjudication" of the Litigation Plaintiffs' claims since, as the plaintiffs correctly note and Nissan does not contest, the Litigation Plaintiffs' claims will be addressed in this court, eventually, no matter the outcome of the Arbitration Plaintiffs' claims. (*Id.* at 5–6.)

In response, Nissan does not contend that the findings of the arbitrator could bind this court.[4] Instead, Nissan argues that allowing parallel proceedings would permit the Litigation Plaintiffs to supply the Arbitration Plaintiffs with discovery they would not be entitled to in

---

[4] Although, Nissan states that the plaintiffs' argument, in this regard, "misses the mark." (Doc. No. 27 at 4.)

arbitration. (Doc. No. 27 at 4 & n.2 (citation omitted).) In addition, Nissan argues that it would not be unfair to stay the Litigation Plaintiffs' claims because they chose to bring an action with the Arbitration Plaintiffs. (*Id.* at 2–3.)

Having given due weight to the relevant factors and the parties' arguments, in the interest of efficiency and conserving scarce judicial resources, the court will exercise its discretion to stay the entire action until arbitration as to arbitrability has concluded. *Accord Pacheco v. Ford Motor Co.*, No. 2:22-cv-11927, 2025 WL 2255623, at *10 (E.D. Mich. Aug. 7, 2025) ("Proceeding piecemeal and then requiring the Arbitration Plaintiffs to play catch-up . . . is inefficient."). As the plaintiffs argue, and Nissan does not meaningfully contest, the court will eventually hear the Litigation Plaintiffs' claims and will not be bound by the arbitrator's findings as to the Arbitration Plaintiffs. Thus, there is insufficient reason to indefinitely delay this court's hearing of the Litigation Plaintiffs' claims. At the same time, however, the plaintiffs will not be prejudiced by the delay.[5] *Accord Costello v. Mountain Laurel Assurance Co.*, No. 2:22-cv-35, 2024 WL 4115979, at *5 (E.D. Tenn. Sept. 5, 2024) ("Mere delay, on its own, does not establish undue prejudice." (citations omitted)). Once the arbitrator determines arbitrability, the court will proceed with the claims of those plaintiffs whose claims are not arbitrable. Until that time, the court will stay disposition of the Motion to Dismiss. The court will order the parties to move to lift the stay when the arbitrator determines arbitrability.

[5] The court observes that Nissan and the Arbitration Plaintiffs had agreed to arbitrate arbitrability no later than the April 17, 2026 filing of the plaintiffs' Response to the Motion to Compel, which was nearly six months ago. The court has not been made aware of any such arbitration. If Nissan and the Arbitration Plaintiffs have already arbitrated, there will be no delay as a result of the stay. If they have not arbitrated, their delay demonstrates lack of prejudice.

## IV. CONCLUSION

For the foregoing reasons, the defendant's Motion to Compel will be granted in part and denied in part. The Arbitration Plaintiffs will proceed to arbitration to determine whether their claims must be arbitrated. The court will stay disposition of the Motion to Dismiss pending resolution of that issue. When the arbitrator determines arbitrability, upon the parties' joint motion the court will proceed with all claims not arbitrable and resolve the Motion to Dismiss.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge